Joshua Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 866-219-3343

Daniel Shay (SBN 250548)
Dan@ShayLegal.com
**SHAY LEGAL, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 619-222-7429

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAEANON HARTIGAN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br><br>PROPERTY RECEIVABLES, CORP,<br><br>Defendant. | Case No:  **'26CV0328 JES  MSB**<br><br>CLASS ACTION<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:<br><br>UNLAWFUL RECORDING OF CELLULAR COMMUNICATIONS, CAL. PEN. CODE § 632.7<br><br>JURY TRIAL DEMANDED |

Complaint

1

## INTRODUCTION

1. Raeanon Hartigan ("Plaintiff"), individually and on behalf of all other similarly situated California residents ("Class Members"), brings this action for damages and injunctive relief against Property Receivables, Corp ("Defendant") and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for unauthorized recordings of conversations with Plaintiff and Class Members without any notification or warning, in violation of the Cal. Pen. Code § 630, et seq. ("CIPA").

2. The California State Legislature passed CIPA in 1967 to protect the right of privacy of the people of California, replacing prior laws, which permitted the recording of telephone conversations with the consent of one party to the conversation.

3. In addition to the general protections afforded to confidential communications by California Penal Code § 632, California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibits secretly recording all communications involving cellular and cordless telephones, not just confidential communications. Penal Code 637.2 permits Plaintiff to bring this action for any violation of Penal Code § 632 and provides for statutory damages of $5,000 for each violation.

4. Plaintiff brings this class action on behalf of all persons in California whose cellular telephone conversations were recorded without their consent, by Defendant, and or its agents, within the one year prior to the filing of the Complaint.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

///
///

6. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION & VENUE

10. Jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than Defendant, a Washington state corporation headquartered in Washington state.

11. Plaintiff is requesting statutory damages of $5,000 per violation pursuant to Cal. Civ. Code § 1785.31 which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

12. Therefore, both diversity jurisdiction and the damages threshold under CAFA are present, and this Court has jurisdiction.

13. Because Defendant conducts business within the State of California, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California, within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducts business within this judicial district.

## PARTIES & DEFINITIONS

15. Plaintiff is, and at all times mentioned herein was, a natural person and resident of the State of California, County of San Diego, in this judicial district.

16. Defendant is, and at all times mentioned herein was, a Washington state corporation with its headquarters in Washington state. Defendant conducted business in the State of California, in the County of San Diego, within this judicial district. Defendant is, and at all times mentioned herein was, a "person" as defined by Cal. Pen. Code § 632(b).

## FACTUAL ALLEGATIONS

18. At some point prior to 2026, Plaintiff's father became delinquent on a debt related to apartment fees for a unit he rented in Hawaii. Plaintiff and her father believe the fees are not valid and dispute the validity of the debt.

19. The debt was assigned, transferred, or sold to Defendant to collect, who began calling.

20. On January 19, 2026, Defendant placed an outbound call to Plaintiff's cellular telephone. Plaintiff answered the call and the parties spoke for roughly four (4) minutes.

21. When Plaintiff answered, Defendant did not identify itself or give any indication that the call was recorded. There were no disclosures whatsoever. Defendant pretended to be a regular person and asked for Plaintiff's elderly father. Plaintiff handles his affairs and felt compelled to speak with Defendant to learn the identity of the caller and the reason for the call.

22. Plaintiff asked who was calling and Defendant refused to answer and kept asking Plaintiff questions.

23. After being harassed for what seemed like an eternity, Plaintiff asked if Defendant was recording the call and the agent replied that she did not understand why Plaintiff was being so difficult.

24. The parties discussed the relationship between Plaintiff and her father as well as legal matters such as power of attorney.

///

///

4

Complaint

25. Defendant kept pestering Plaintiff to gain information about her elderly father. Plaintiff said she could take Defendant's information but again asked if the call was recorded.

26. Defendant's agent stated that Defendant need not inform Plaintiff of call recording.

27. The parties argued about the issue until eventually Defendant finally informed Plaintiff that it was recording the call.

28. Upon learning that Defendant recorded the call without telling her, Plaintiff felt deceived.

29. At no time at the beginning of the call did Defendant advise Plaintiff that it was recording the call.

30. There was no disclosure, disclaimer, warning, beeping or any indication that the call was recorded.

31. On information and belief, Defendant records all its outbound calls and does not advise that the calls are recorded.

32. When placing a call, the first thing Defendant should say is that the call is recorded.

33. California Penal Code § 632.7(a) is clear in its prohibition against such unauthorized recording of cellular communications without the consent of the other party to the conversation:

> "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]."

///

5

Complaint

34. California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000 for each violation.

35. Defendant recorded or otherwise made and unauthorized connection to Plaintiff's conversation with Defendant, in violation of California's statutory and common law against such unlawful intrusions into a person's private affairs, including the California Constitution's prohibition in Article 1, Section 1 and CIPA.

36. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally recorded communication(s) transmitted between a cellular radio telephone and a landline telephone without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

37. Defendant violated CIPA and Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the conversation with Plaintiff that the call was recorded, and Defendant did not try to obtain Plaintiff's consent before such recording.

38. The recording or other unauthorized connection was done over the telephone, without Plaintiff's prior knowledge or consent. Plaintiff was damaged thereby, as detailed herein, in at least an amount permitted by the statutory damages of California Penal Code § 637.2(a).

39. Defendant secretly recorded at least one call placed to Plaintiff. Defendant did not warn Plaintiff at the outset of the call that it was recording the call.

40. As a result, thereof, Plaintiff has been damaged as set forth in the prayer for relief herein.

41. Plaintiff seeks statutory damages and injunctive relief under California Penal Code § 637.2(a).

### CLASS ACTION ALLEGATIONS

42. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and Class Members of the proposed Class. This action satisfies the numerosity,

commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

43. Plaintiff proposes the following Class consisting of and defined as follows:

> "All persons in California whose cellular telephone conversations were recorded without their consent, by Defendant, and or its agents, within one year prior to the filing of this Complaint through class certification."

44. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the judge to whom this case is assigned and the judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

45. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

46. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. Given that, on information and belief, Defendant called thousands of class members statewide and recorded those calls during the class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

47. <u>Commonality:</u> There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

- Whether Defendant recorded any calls to Class Members within the statutory time frame;
- Whether Defendant had a policy of recording calls to Class Members

during the relevant time frame;

- Whether Defendant's policy or practice of recording calls with Class Members constitutes a violation of Cal. Penal Code § 632.7;
- Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

48. <u>Typicality</u>: Plaintiff's conversation was unlawfully recorded without a warning of such recording at the outset, and thus, Plaintiff's injuries are typical to Class Members.  Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recorded Plaintiff and Class Members' conversations with Defendant, invading their privacy.

49. <u>Adequacy</u>: Plaintiff is qualified and will fairly and adequately protect the interests of Class Members with whom Plaintiff is similarly situated, as demonstrated herein.  Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  In addition, the proposed class counselors are experienced in handling claims involving consumer actions and violations of the California Penal Code section 632.7.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

50. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class.  The elements of the legal claims brought by Plaintiff and Class Members are

capable of proof at trial through evidence that is common to the Class rather than individual to its members.

51. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

    a. Class-wide damages are essential to induce Defendant to comply with California law.

    b. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

    c. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

    d. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

    e. Class action treatment is manageable because it will permit many similarly situated people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

    f. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.

52. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages because of Defendant's unlawful and wrongful conduct. A class action is also superior to other available methods because as individual Class Members have no way of discovering that Defendant recorded their telephone conversations without Class Members' knowledge or consent.

53. The Class should also be certified because:

- The prosecution of separate actions by individual Class Members would

create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;

- The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

- Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

54. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

55. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class Members can be identified through Defendant's records.

## CAUSE OF ACTION

## RECORDING OF CELLULAR CALLS

## UNDER CALIFORNIA PENAL CODE § 632.7

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record cellular telephone communications between Defendant and Plaintiff and Class Members.

58. At all relevant times hereto, Defendant intentionally and secretly recorded cellular telephone calls between Defendant and Plaintiff and Class Members.

///

59. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class Members at the beginning of a conversation that their cellular telephone communications with Defendant would be recorded.

60. Defendant intentionally did not obtain the consent of Plaintiff and Class Members prior to recording their cellular telephone conversations.

61. This conduct by Defendant violated section 632.7(a) of the California Penal Code.

62. Plaintiff and Class Members are entitled to recovery of statutory punitive damages in the amount of $5,000 per violation of Cal. Pen. Code § 632.7 under Cal. Pen. Code § 637.2.

63. Plaintiff's counsel is entitled to attorney fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray that judgment be entered against Defendant, and Plaintiff and the Class be awarded damages from Defendant, as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative for the Class; and
- Appoint Plaintiff's Counsel as Class Counsel in this matter for the Class.

In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

### RECORDING OF CELLULAR CALLS
### UNDER CALIFORNIA PENAL CODE § 632.7

- $5,000 to each Class Member pursuant to California Penal Code § 637.2(a);
- Reasonable attorney fees pursuant to Cal. Code of Civ. Proc. § 1021.5;
- Injunctive relief to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 637.2(b);
- An award of costs to Plaintiff; and

11

Complaint

- Any other relief the Court may deem just and proper including interest.

## TRIAL BY JURY

87. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**SWIGART LAW GROUP, APC**

Date: January 20, 2026          By:    *s/ Joshua Swigart*
                                       Joshua B. Swigart, Esq.
                                       Josh@SwigartLawGroup.com
                                       Attorneys for Plaintiff

**SHAY LEGAL, APC**

Date: January 20, 2026          By:    *s/ Daniel Shay*
                                       Daniel G. Shay, Esq.
                                       Dan@ShayLegal.com
                                       Attorneys for Plaintiff

Complaint